# McKool Smith

Kyle A. Lonergan
Direct Dial: (212) 402-9425
klonergan@mckoolsmith.com

1301 Avenue of the Americas
32nd Floor
New York, NY 10019

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

October 13, 2025

**VIA EFILE**

RE:  *Alan D. Halperin, as Litigation Trustee of the Instant Brands Litigation Trust v. Cornell Capital LLC et al.*, Case No. 25-cv-04890 (MMG)

Dear Judge Garnett:

I write on behalf of Plaintiff Alan Halperin (the "Trustee"), in his capacity as Trustee of the Instant Brands Litigation Trust (the "Trust"), pursuant to Your Honor's Individual Rules and Practices § II.A.6, to seek the Court's guidance concerning a dispute that has arisen in the above-captioned litigation. The parties have been unable to reach agreement regarding the form of a protective order to be entered in the case. The parties have had extensive email communications concerning the protective order, including on August 25, September 2, 8, 12, 16, 23, 29, and October 1 and 2, 2025. In addition, Grant Johnson and I, on behalf of the Trustee, conferred via Zoom with counsel for the Defendants (including David Barillari, Alison Holdway, Shari Heyen, and Lee Whidden) on September 29, 2025, for approximately 30 minutes. The parties are in agreement that they are at an impasse and need the Court's guidance on the issue in dispute.

While the parties are largely in agreement on the protective order, Defendants[1] are insisting on including a "Highly Confidential" designation for the sole purpose of prohibiting the members of the Litigation Trust Advisory Board ("LTAB")—who are responsible for overseeing, consulting with, and approving the Trustee's decisions on behalf of the Trust—from reviewing any "Highly Confidential" material. Aside from seeking a level of protection that is not found in Your Honor's form protective order that would prevent the LTAB members from fulfilling their duties, Defendants fail to establish any need for such a prohibition because the LTAB members are not competitors of Defendants. As a result, the Trustee respectfully requests that the Court enter a protective order substantially in the form of the proposed order attached as Exhibit A hereto.

## Background

The Trustee proposed a protective order substantially in the form of the Court's standard form order, with only minor modifications. The only modification relevant here is that the Trustee revised the Court's standard order to allow the members of the LTAB to have access to materials designated "confidential" under the terms of the proposed protective order. *See* Exhibit A, ¶ 5.

In response, Defendants revised the protective order to include an extra-level of confidentiality—called "Highly Confidential"—not provided by the Court's standard order. The sole purpose of the "Highly Confidential" category is to bar the LTAB from reviewing materials

---

[1] "Defendants" collectively refers to the Defendants in the above-captioned case, except for Younghoon Park.

October 13, 2025
Page 2

designated as "Highly Confidential." *See* Exhibit B, ¶ 8.[2] The only justification Defendants have provided for this limitation is that the three LTAB members, Benjamin Xie, Jonny Cheatle, and Martin Olson, work in the "finance sector" and that their review of Defendants' information—even though it is years-old and subject to a stringent use restriction—"presents a risk of competitive harm[.]" *See* Exhibit C.

## Argument

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 348 F.R.D. 187, 189 (S.D.N.Y. 2025) (cleaned up). "The touchstone of the court's power under Rule 26(c) is the requirement of good cause." *Id.* (citing *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007)). "The burden of establishing good cause then lies with the party seeking to prevent the disclosure of documents." *Id.* (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)). "More than broad allegations of harm unsubstantiated by specific examples or articulated reasoning, good cause requires the moving party to demonstrate that disclosure will work a clearly defined and very serious injury." *Infosint S.A. v. H. Lundbeck A.S.*, No. 06CIV2869LAKRLE, 2007 WL 1467784, at *2 (S.D.N.Y. May 16, 2007) (cleaned up).

Defendants have failed to establish "good cause" for a protective order that would bar the LTAB from reviewing material information produced in this case. Relying on vague and unsupported assertions of "competitive harm" because the LTAB members and the Cornell Defendants work in the "finance sector," Defendants ultimately take the position that "[b]ecause LTAB is not a party, no justification is required to prevent LTAB or its members from seeing confidential documents, as they are not permitted access to confidential documents, absent agreement of the parties." *See* Exhibit C. Defendants' position ignores the fact that they, as the party seeking to limit disclosure, have the burden to establish "good cause." *Radio Music License Comm., Inc.*, 348 F.R.D. at 189; *Infosint S.A.*, 2007 WL 1467784, at *2.

Regardless, Defendants are wrong. The LTAB plays a critical role in this litigation, and must have access to the full case record in order to fulfill its duties under the Confirmed Plan (which incorporates the terms of the Litigation Trust Agreement, attached hereto as Exhibit D). This includes consulting on strategy with, and approving decisions by, the Trustee in this case. For example, section 3.02(s) of the Trust Agreement requires the LTAB's "written consent" for the Trustee to "hold, pursue, prosecute, adjust, arbitrate, compromise, release, settle, dismiss or abandon" the claims in this action. *See* Exhibit D; *see also id.* § 3.02. Further, the Trustee is obliged to consult with the LTAB with respect to the conduct of this litigation, including "strategy with respect to" the Trustee's claims. *Id. See also id.* §§ 3.01, 3.02 (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (m), (q). For the LTAB to fulfill its duties, the LTAB members must have access to all documents in the case.

Defendants have also failed to identify any specific competitive harm posed by providing their documents to the three identified LTAB members. Defendants have claimed that because the members work in the "finance sector," they present a competitive risk. This assertion is so expansive and vague, it does not come close to establishing the requisite "good cause." To begin, none of the LTAB members work in the same sector as Defendants. Benjamin Xie is an investor and Jonny Cheatle is an attorney with Citadel Global Credit. Martin Olson is a regional credit

---

[2] A redline comparing the Defendants' proposed order and the Trustee's proposed order is attached as Exhibit G.

October 13, 2025
Page 3

manager at Ravago, a plastics manufacturer. While the LTAB members work in private credit, the Cornell Defendants work in private equity. Private credit does not compete with private equity – they are in different financial sectors. Since Defendants are unable to establish that the LTAB members are actually competitors, let alone that the LTAB members engage in "competitive decision-making," there is no basis to prohibit the LTAB members from reviewing important information in the case. *Infosint S.A.*, 2007 WL 1467784, at *6 (rejecting Outside Counsel Eyes Only restrictions where there was no evidence that the excluded person was involved in "competitive decision-making").[3]

In addition to failing to establish competitive harm, Defendants cannot show "good cause" because the information in this case is *years old* and would not pertain to any currently sensitive competitive information. *Koch v. Greenberg*, No. 07 CIV. 9600 BSJ DF, 2012 WL 1449186, at *4 (S.D.N.Y. Apr. 13, 2012) ("Generally, though, a court will not protect several-year-old information without a specific explanation of the harm that would be caused by disclosure."). Regardless, the Trustee's proposed protective order does not allow the LTAB members to use any confidential information outside of this litigation. *See* Exhibit A ¶ 5(b). Defendants' assertion that it faces competitive harm is premised on the assumption that the LTAB members will breach their obligations under the protective order. That is a baseless and unreasonable position. *See Deffaa v. Pivotel Am., Inc.*, No. 20 CIV. 5466 (ER), 2021 WL 4124301, at *2 (S.D.N.Y. Sept. 9, 2021) (declining Attorney's Eyes Only treatment because "the parties have identified no case in which AEO designation was upheld simply due to one party's mistrust of another."); *Orwasher v. A. Orwasher, Inc.*, No. 09 CIV.1081 VM JCF, 2010 WL 2017254, at *2 (S.D.N.Y. May 20, 2010) ("However, the defendants may not choose to prevent [plaintiff] from viewing these documents simply on an assumption that he will violate the Protective Order."). There is simply no reasonable prospect of competitive injury from allowing the LTAB access to all materials produced in this litigation.

Finally, allowing Defendants to designate materials as "Highly Confidential" will impose a substantial burden on both the parties and the Court. Given the LTAB's involvement in the Trustee's strategy and decision making, the Trustee will have no choice but to contest Defendants' dubious designations of information as "Highly Confidential." This presents the prospect of substantial on-going disputes regarding designations that likely will have to be resolved by the Court.

### Conclusion

For the reasons set out above, the Trustee respectfully requests that the Court enter the protective order attached as Exhibit A to this letter or an alternative order that preserves the Trustee's ability to share all materials produced in this litigation with the LTAB.

---

[3] Defendants requested that the Trustee provide them with other Protective Orders providing for LTAB review of confidential/highly confidential information because they had been unable to identify any. The Trustee promptly provided Defendants with two protective orders providing for such access. *See* Exhibits E at 7, F at 13. Persisting in their refusal to accept the reality that LTAB members need to see such information to fulfill their duties, Defendants tried to dismiss the import of these protective orders because they were out-of-circuit and involved lawyers and restructuring professionals as LTAB members.

October 13, 2025
Page 4

> The parties shall appear for a video conference on **October 21, 2025** at **11 A.M.** The public one-touch dial-in for the conference audio is +1 646-453-4442,,404626117#. Counsel of record will receive a direct Microsoft Teams link via email in advance of the conference.
>
> SO ORDERED. Dated October 20, 2025.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE

Sincerely,

*/s/ Kyle Lonergan*
Kyle Lonergan