IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN D. HALPERIN, as Litigation Trustee of the Instant Brands Litigation Trust,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORNELL CAPITAL LLC, CORNELL CAPITAL PARTNERS LP, CC WK CO-INVEST LP, AGATE INFORMATICS CORP., 4060288 CANADA INC., 7326998 CANADA INC., HENRY CORNELL, JUSTINE CHENG, RODRIGO BRAVO, YOUNGHOON PARK, ROBERT WANG, YI QIN, CHRISTOPHER LAROCQUE, BENOIT GADBOIS, NICHOLAS HEWITT, JEFFREY KIST, WILLIAM HESS, CATHERINE LANDMAN, KENNETH WILKES, LAWRENCE MCRAE, and JOHN DUBEL,<br><br>　　　　　Defendants. | Case No. 25-cv-04890 (MMG) |

**PROTECTIVE ORDER**

　　The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

　　**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate individual pieces of such Discovery Material (e.g., a document or an interrogatory response) or portions thereof as Confidential, if such Discovery Material constitutes or includes, in whole or in part:

　　　　a. previously nondisclosed financial information (including without

        limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously nondisclosed material relating to ownership or control of any non-public company;

    c. previously nondisclosed business plans, product development information, or marketing plans;

    d. any information of a personal or intimate nature regarding any individual;

    e. any information subject to pre-existing confidentiality obligations, either by contract, operation of law, or court order; or

    f. any other category of information hereinafter given confidential status by the Court.

3. With respect to any Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Material as "Confidential" by stamping or otherwise clearly marking as "Confidential" each page of the protected Discovery Material in a manner that will not interfere with legibility or audibility. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating that the file contains "Confidential" information. If such electronic files or documents are printed (for example, for use at a deposition, in a court proceeding, or for provision in printed form to an approved expert or consultant), the party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents. Deposition transcripts and exhibits shall presumptively be treated as Confidential until 15 days after the parties receive the transcript. At or before the end of such 15 day period, the party seeking to designate a transcript or exhibit as confidential shall mark the transcript or exhibit "Confidential," and it shall thereafter be treated as such under this order. If an exhibit has been designated Confidential prior to the deposition, it shall continue to be treated as confidential thereafter.

4. If at any time prior to the trial of this action, a producing person realizes that Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

    a. the parties to this action;

    b. Jonny Cheatle, Benjamin Xie, and Martin Olson, in their capacity as current members of the Litigation Trust Advisory Board ("LTAB"), and

       any new member of the LTAB appointed after the date of this Protective Order, so long as any such current member or new member remains a member of the LTAB and has executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, subject to prior notice by the Trustee to Defendants of the identity of any new LTAB member with the ability to object by Defendants within 10 business days of such notice, with any such objection requiring resolution between the parties or by the Court before disclosure of Confidential Discovery Material to the new member;

   c. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   e. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. stenographers engaged to transcribe depositions conducted in this action;

   h. outside photocopying, graphic production services, document hosting, or litigation support services, as necessary for use in connection with this action,

   i. any mediators and their staffs retained in connection with this action, and

   j. the Court and its support personnel.

6. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be

reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

8. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. The parties agree that they may utilize artificial intelligence ("AI") tools, including, but not limited to, legal research, document review, and analysis platforms such as Harvey, in connection with the review, analysis, and management of materials

designated as "Confidential Information" provided that: (1) the AI tool is operated in a manner that maintains the confidentiality of the "Confidential Information" in accordance with this order and any ESI order(s); (2) the AI tool and any associated service provider shall not use, access, or retain the "Confidential Information" for any purpose other than to provide the contracted services to the party; (3) the AI tool shall not use the "Confidential Information" to train its models or for any other purpose unrelated to this litigation: (4) the use of the AI tool shall not result in disclosure of "Confidential Information" to any person or entity not otherwise authorized to receive such material under this order; (5) the AI tool is capable of purging, deleting, and/or destroying any "Confidential Information"; and (6) the party intending to use an AI tool with "Confidential Information" shall notify the other parties in writing, identifying the AI tool to be used and confirming that the requirements of this section will be met; and (7) no objection is raised by a party as to the AI vendor's ability or willingness to satisfy the above criteria within ten (10) business days of the party providing notice under subsection 6 of this paragraph. If any party objects to the proposed AI vendor, the parties shall meet and confer, and if no resolution is reached, the parties shall raise the issue with the Court.

18. Any of the parties may seek to amend this order by application to the Court after meeting and conferring with the other parties.

**SO STIPULATED AND AGREED.**

DATED: October 23, 2025

/s/ Kyle Lonergan

On behalf of the Plaintiff-Trustee

/s/ Marc Ayala

On behalf of Defendants Cornell Capital LLC, Cornell Capital Partners LP, CC WK Co-Invest LP, Henry Cornell, Justine Cheng, and Rodrigo Bravo

/s/ Joseph Davis

On behalf of Defendants John Dubel, Benoit Gadbois, William Hess, Nicholas Hewitt, Jeffrey Kist, Catherine Landman, Lawrence McRae, and Kenneth Wilkes

/s/ Kristen Weil

On behalf of Defendants Robert Wang, Yi Qin, Christopher Larocque, Agate Informatics Corp., 4060288 Canada Inc., and 7326998 Canada Inc.

**SO ORDERED.**

Date: October 27, 2025
New York, New York

MARGARET M. GARNETT
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN D. HALPERIN, as Litigation Trustee of the Instant Brands Litigation Trust,<br><br>    Plaintiff,<br><br>v.<br><br>CORNELL CAPITAL LLC, CORNELL CAPITAL PARTNERS LP, CC WK CO-INVEST LP, AGATE INFORMATICS CORP., 4060288 CANADA INC., 7326998 CANADA INC., HENRY CORNELL, JUSTINE CHENG, RODRIGO BRAVO, YOUNGHOON PARK, ROBERT WANG, YI QIN, CHRISTOPHER LAROCQUE, BENOIT GADBOIS, NICHOLAS HEWITT, JEFFREY KIST, WILLIAM HESS, CATHERINE LANDMAN, KENNETH WILKES, LAWRENCE MCRAE, and JOHN DUBEL,<br><br>    Defendants. | Case No. 25-cv-04890 (MMG)<br><br>Jointly Administered |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than those identified in the Protective Order and shall do so only for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____