## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN D. HALPERIN, as Litigation Trustee of the Instant Brands Litigation Trust,<br><br>        Plaintiff,<br><br>v.<br><br>CORNELL CAPITAL LLC, CORNELL CAPITAL PARTNERS LP, CC WK CO-INVEST LP, AGATE INFORMATICS CORP., 4060288 CANADA INC., 7326998 CANADA INC., HENRY CORNELL, JUSTINE CHENG, RODRIGO BRAVO, YOUNGHOON PARK, ROBERT WANG, YI QIN, CHRISTOPHER LAROCQUE, BENOIT GADBOIS, NICHOLAS HEWITT, JEFFREY KIST, WILLIAM HESS, CATHERINE LANDMAN, KENNETH WILKES, LAWRENCE MCRAE, and JOHN DUBEL,<br><br>        Defendants. | Case No. 25-cv-04890 (MMG)<br><br><br><br>**Rule 502(d) Order** |

WHEREAS, certain Defendants in this action have asserted that, as former officers and directors of Instant Brands Acquisition Holdings Inc. or its affiliates (together "Instant Brands"), or as entities on behalf of which such directors were appointed, they are entitled to access certain materials subject to Instant Brands' attorney-client, work-product, and/or other applicable privilege ("Shared Privileged Materials");

WHEREAS, the parties wish to reach a resolution on and facilitate the production of the Shared Privileged Materials while protecting against prejudice, waiver, or estoppel as a result of the disclosure of such materials;

WHEREAS the parties wish to facilitate the taking of depositions in this litigation, while ensuring that the procedures for Inadvertently Disclosed Information (as defined in the Protective Order (ECF No. 65) in the Protective Order are followed;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, and ORDERED by the Court, that:

**A.      Procedures Governing Shared Privilege Material**

1.      Pursuant to Federal Rule of Evidence 502(d), a Producing Party's disclosure or production of any documents or information in this proceeding to any other party shall not prejudice, waive, or estop the Producing Party from asserting the attorney-client, work product, and/or other applicable privilege or immunity in any other proceeding (without limitation, including in any federal, state, or arbitration proceeding), regardless of whether the disclosure in this proceeding was inadvertent.

2.      A Producing Party shall not rely on the fact that a document or information constitutes Shared Privilege Materials to refuse to produce such document or information to any other party in this litigation, but the Producing Party may withhold a document or information if it (a) has a good faith basis for asserting that the documents or information are not Shared Privilege Materials, or are subject to some other attorney-client, work product, and/or other applicable privilege or immunity and (b) discloses that basis for each withheld document or withheld information in a privilege log.

3.      If a party claims that Discovery Material, as defined in the Protective Order (ECF No. 65), is Shared Privilege Material, the subject documents or information may be designated as Confidential Discovery Material under the Protective Order (ECF No. 65).

**B.      Procedures Governing Privilege Assertions During Depositions.**

4.      If any party designates Inadvertently Disclosed Information during a deposition, and another party's counsel does not agree with that privilege assertion, the deposition shall nonetheless proceed. Counsel for the party making the privilege assertion shall state the basis for

2

the assertion and shall identify on the record the specific start and end points of the testimony that the party contends is privileged or protected (the "Designated Portion"). The party making the privilege assertion may elect to have the line of questioning continue and be subject to the Designated Portion.  The party making the privilege assertion may alternatively request that the document or information at issue may no longer be relied upon for any further questioning during the deposition unless and until the dispute is resolved or pending court order (provided that any testimony related to the document or information at issue elicited before the Privilege Assertion may be treated in accordance with the procedures set forth in this Paragraph); however, if the privilege assertion is ultimately rejected by the Court, the witness must appear for a subsequent deposition limited to (i) the document or information that was designated as Inadvertently Disclosed Information, or (ii) any other topic on which the witness declined to answer questions based on a subsequently-rejected privilege assertion.  The Designated Portion of the transcript (and any corresponding deposition exhibits, if any) shall be treated as Attorneys' Eyes Only for thirty (30) days following receipt of the final transcript. Unless the party making the Privilege Assertion files an appropriate motion seeking Court determination of the Privilege Assertion within that thirty (30)-day period, the Attorneys' Eyes Only designation shall expire at the conclusion of the thirty (30)-day period. If the dispute is timely raised with the Court, the Designated Portion shall remain Attorneys' Eyes Only until the Court resolves the dispute.

    **C.**      **General Provisions.**

5.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) as to the subject matter herein and shall supersede any inconsistent provisions of Federal Rule of Evidence 502(a) or 502(b).

6.      If a provision of another order, protocol, agreement, stipulation, or other document conflicts with this Order, this Order shall govern and control the matter. Nothing in this Order shall prevent a party from challenging a privilege or protection asserted by another party.


SO STIPULATED AND AGREED.

Dated: March 2, 2026
New York, New York


| | |
|---|---|
| /s/ Vivek Tata | /s/ Marc Ayala |
| On behalf of the Plaintiff-Trustee | On behalf of Defendants Cornell Capital, LLC, Cornell Capital Partners LP, CC WK Co-Invest LP, Henry Cornell, Justine Cheng, and Rodrigo Bravo |
| /s/ Joseph Davis | /s/ Kristen Weil |
| On behalf of Defendants John Dubel, Benoit Gadbois, William Hess, Nicholas Hewitt, Jeffrey Kist, Catherine Landman, Lawrence McRae, and Kenneth Wilkes | On behalf of Defendants Robert Wang, Yi Qin, Christopher Larocque, Agate Informatics Corp., 4060288 Canada Inc., and 7326998 Canada Inc. |


**SO ORDERED.**

Date: March 4, 2026
      New York, New York

                                    MARGARET M. GARNETT
                                    United States District Judge

4